**MEMO ENDORSED**



*Handwritten endorsement:*
I previously granted the defendants leave to make a "formal application." There consequently is no need for a premotion conference.

Defense counsel is directed to serve and file his motion by 2/20/08. Mr. Alexander is directed to serve any opposition papers (and send the original to the Pro Se Office) by 3/20/08.

Maas, USMJ, 2/13/08

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/14/08

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MORGAN D. KUNZ
*Assistant Corporation Counsel*
Phone: (212) 788-0422
Fax: (212) 788-9776
mkunz@law.nyc.gov

February 11, 2008

**BY HAND**
Honorable Frank Maas
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 740
New York, NY 10007

Re: Hans Alexander v. City of New York, et al.
   07 Civ. 5676 (JSR)(FM)

Your Honor:

    I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendants City of New York, the New York City Police Department, Detective Joseph Maldonado, and the Bronx County District Attorney's Office. Plaintiff Hans Alexander, who is proceeding *pro se*, has brought the above referenced civil rights action alleging that he was falsely arrested and maliciously prosecuted following his arrest on the evening of November 18, 2006. Criminal charges stemming from plaintiff's arrest on that night are pending in state court, and accordingly, defendants respectfully request that the Court schedule a pre-motion conference so that they may move to stay this action, in its entirety, pending the disposition of plaintiff's criminal case. Defendants previously moved to stay this matter on December 10, 2007, but the Court denied that motion without prejudice, and invited defendants to make a more formal motion.

    Plaintiff alleges that he was falsely arrested by NYPD Officers on the evening of November 18, 2006. Plaintiff claims that defendant Maldonado and other officers "manufactured a drug sale so they could arrest [plaintiff] for a crime that otherwise would not have occurred." Plaintiff also brings claims for malicious prosecution. The People of the State of New York are currently prosecuting plaintiff for Criminal Sale of a Controlled Substance in the Bronx County Supreme Court, under docket number 04456-2006. The Bronx County Assistant District Attorney assigned to the case, Cynthia Lindblom, has informed me that this criminal case stems from plaintiff's arrest on November 18, 2006. ADA Lindblom informed me that on January 11, 2008, plaintiff pled guilty to charges stemming from his arrest on November 18, 2006. On January 30, 2008, however, she informed me that plaintiff moved to set aside his

guilty plea and to be assigned new counsel. On February 8, 2008, plaintiff was assigned new counsel, and the case has been adjourned until February 22, 2008. Because the criminal and civil actions involve the same subject matter, namely plaintiff's arrest on November 18, 2006 and subsequent prosecution, the defendants respectfully submit that a stay is warranted.

      As the Supreme Court recently held, when a plaintiff files a false arrest claim or any claim related to an underlying criminal case that is still pending, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case . . . is ended." Wallace v. Kato, 127 S. Ct. 1091, 1098, 2007 U.S. LEXIS 2650, at *18 (February 21, 2007); see also, United States v. Kordel, 397 U.S. 1, 12 n.27, (1970) (noting that "federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action."). Indeed, "it is well-settled that the Court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings." Estes-El v. Long Island Jewish Medical Center, 916 F. Supp. 268, 269 (S.D.N.Y. 1995).

      As courts in this Circuit have opined, "[a] stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter." Crawford & Sons v. Besser, 298 F. Supp. 2d 317, 319 (E.D.N.Y. 2004) (quoting Johnson v. N.Y. City Police Dep't., 01 Civ. 6570 (RCC) (JCF), 2003 U.S. Dist. LEXIS 12111, at *4 (S.D.N.Y. July 16, 2003)); see also Brock v. Tolkow, 109 F.R.D. 116, 119 (E.D.N.Y. 1985). In instances where the plaintiff has been indicted, as is the case here, courts in this Circuit favor a stay. See In re Par Pharmaceutical, Inc. Securities Litigation, 133 F.R.D. 12, 13 (S.D.N.Y. 1990) ("The weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment."); Johnson, 2003 U.S. Dist. LEXIS 12111, at *4. "This is because the civil action, if not stayed, might undermine the criminal defendant's Fifth Amendment privilege against self-incrimination, expand the rights of discovery beyond the limits of the state's criminal procedure law, expose the basis of the defense to the prosecution, or otherwise prejudice the criminal case." Johnson, 2003 U.S. Dist. LEXIS 12111, at *5. Furthermore, a stay of the federal civil rights action pending the outcome of a parallel state court criminal proceeding allows the "state proceeding to go forward without interference from its federal sibling, while enforcing the duty of the federal courts to assume jurisdiction where jurisdiction properly exists." Deakins v. Monaghan, 484 U.S. 193, 202-03 (1988) (internal citations omitted).

      Finally, a conviction in plaintiff's criminal case would have a substantial impact on this § 1983 action. Given that plaintiff purports to bring claims for false arrest and malicious prosecution, the outcome of his criminal case may foreclose this action, since a conviction would bar these claims. Mack v. Varelas, 835 F.2d 995, 999 (2d Cir. 1987) (stay warranted where one possible outcome of the criminal proceedings could negate an essential element of plaintiff's § 1983 claim); Johnson, 2003 U.S. Dist. Lexis 12111, at *4 (stay granted where civil and criminal actions arose out of the same events and "a conviction in the criminal action would bar [plaintiff's] false arrest and malicious prosecution claims."). See also, Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (holding that a § 1983 action for false arrest or malicious prosecution is barred if plaintiff was convicted and the conviction was not invalidated.).

Accordingly, defendants respectfully request that the Court schedule a pre-motion conference so that they may move to stay the action, in its entirety, pending the disposition of plaintiff's criminal case. Should the court believe that a pre-motion conference is not required, defendant's respectfully request that they have until February 20, 2008, to submitted their motion.

I thank the Court for its time and consideration of this request.

                                                                Respectfully submitted,

                                                                Morgan David Kunz
                                                                Assistant Corporation Counsel
                                                                Special Federal Litigation Division

cc:     Hans Alexander, plaintiff *pro se*
         #241-06-15866
         North Infirmary Command
         15-00 Hazen Street
         East Elmhurst, NY 11370 (via First Class Mail)