UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

HANS ALEXANDER,                                   :
                                          **MEMORANDUM**
                Plaintiff,        :   **DECISION AND ORDER**

        -against-                                :   07 Civ. 5676 (JSR)(FM)

CITY OF NEW YORK, et al.,                         :

                Defendants.        :

------------------------------------------------------------x

**FRANK MAAS**, United States Magistrate Judge.

        Plaintiff Hans Alexander brings this pro se civil rights action pursuant to 42 U.S.C. § 1983 against the City of New York, Detective Joseph Maldonado, the New York City Police Department, the Office of the Bronx District Attorney, and a "John Doe" informant (collectively, the "Defendants"). In his complaint, Mr. Alexander alleges that the Defendants falsely arrested and maliciously prosecuted him in connection with an alleged drug sale on November 18, 2006. Mr. Alexander previously pleaded guilty to one count of Criminal Sale of a Controlled Substance, but he never was sentenced. There also is pending before the state court certain motion practice related to whether his guilty plea can be withdrawn or enforced. In these circumstances, because there has been no final disposition of Mr. Alexander's criminal case, the Defendants seek to stay this civil proceeding.

If this case were permitted to go forward before the state criminal case has run its course, both Mr. Alexander and the Defendants might be wasting their time. Additionally, the parties and the Court might not have access to such important materials as grand jury transcripts and notes in the district attorney's files.  For these reasons, among others, it is appropriate to stay the federal action until the parallel state criminal case is resolved.  See, e.g., Wallace v. Kato, 127 S. Ct. 1091, 1098 (2007) ("If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."); Estes-El v. Long Island Jewish Med. Ctr., 916 F. Supp. 268, 269 (1995) ("It is well-settled that the Court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings."); Trs. of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech., Inc., 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995) ("It is well-settled that a court has the discretionary authority to stay a case if the interests of justice so require."); see also Rivera v. City of Yonkers, 470 F. Supp. 2d 402, 407-08 (S.D.N.Y. 2007) (conviction is a bar to recovery for malicious prosecution and false arrest claims).

I note that a motion to stay an action is a "nondispositive" motion within the scope of a general pretrial referral, such as Judge Rakoff's referral here.  See Pass & Seymour, Inc. v. Hubbell Inc., 532 F. Supp. 2d 418, 426 n.7 (N.D.N.Y. 2007); SEC v.

Kornman, No. Civ. A. 3:04CV1803L, 2006 WL 148733, at *2 (N.D. Tex. Jan. 18, 2006); Tuskey v. Volt Info. Scis., Inc., No. 00 Civ. 7410 (DAB)(GWG), 2001 WL 873204, at *1 n.1 (S.D.N.Y. Aug. 3, 2001). I also note that in his reply papers, Mr. Alexander does not oppose the Defendants' motion. (See letter from Mr. Alexander to the Court, dated March 18, 2008).

Accordingly, the Defendants' motion (Docket No. 15) is granted, and this case is stayed pending the final resolution of Mr. Alexander's criminal case. Because the state court proceedings could take some time, the Clerk of the Court is respectfully requested to place this case on the Court's inactive docket in the interim. Following the conclusion of the state case, Mr. Alexander may apply to restore the case to the active calendar by sending a letter to the Court seeking such relief (with a copy to Mr. Kunz).

SO ORDERED.

Dated:   New York, New York
         March 28, 2008

_____
FRANK MAAS
United States Magistrate Judge

3

Copies to:

Honorable Jed S. Rakoff
United States District Judge

Hans Alexander
# ███████
North Infirmary Command
15-15 Hazen Street
East Elmhurst, New York 11370

Morgan D. Kunz, Esq.
Assistant Corporation Counsel
New York City Law Department
Fax: (212) 788-9776